DAWKINS, J.
Alleging themselves to be the legal and duly qualified officers and directors of the Planters’ Hotel, Inc., the applicants herein, together with said hotel company, obtained from the court below a preliminary writ of injunction restraining defendants from holding or attempting to hold what was alleged to be a “pretended election” of another board of directors and officers for said hotel company. It was further alleged that the defendant A. D. Stewart, acting in concert with and at the instigation of one H. A. Michel, had issued, as the pretended secretary and treasurer of said corporation, a notice to stockholders of the intended meeting and election, claiming to act upon the petition of 25 per cent, of the said stockholders, when, in truth and in fact, no such number of bona fide stockholders had signed said petition; that plaintiffs were elected and chosen for a term of one year, and vested with the management and control of the property and affairs of said corporation, and were entitled to hold and enjoy the same until the next regular election of officers and directors, which, under the charter, could not be held until the 15th day of October, 1919. Plaintiffs further alleged as follows:
“(10) But your petitioners show that, unless restrained by this court, the said Stewart and the said Michel, acting in concert as aforesaid, and falsely pretending to be stockholders of said corporation, and to have the right to act as such, will hold the pretended election according to said notice, and will elect pretended directors and officers of said corporation.
“(11) That the said corporation is conducting a prosperous business in the operation of the Planters’ Hotel in this city, and if the same can be carried on in an orderly manner by its duly constituted officers, the said business will continue to be prosperous; but if said Stewart and said Michel should be permitted by means of said pretended election to set up another board of directors and other officers to contend for the possession of the property of said corporation, and the control of its offices, the estate of the said corporation will be dissipated and its business destroyed to the great and irreparable injury of said corporation and of your petitioners as stockholders thereof, and that petitioners have no remedy save by the process of injunction.”
The injunction was issued ex parte, and thereafter, on motion of defendants, after hearing on a rule nisi, the lower court permitted the dissolution of said writ on bond *373 in the sum of $10,000. Thereupon, the plaintiffs applied to the judge a qua for a suspensive appeal from said order, which was denied, and hence this application for writs ■of prohibition and mandamus.
[1] When the application herein was presented, at the eleventh hour, on the day when it was alleged the said meeting and election was to be held, we did not have the time and opportunity to carefully consider the matter, and issued the preliminary rule staying proceedings and ordering the record up so that, if it should be found ultimately that an irreparable injury might ensue, the acts complained of would not have been accomplished. We were also of the impression that the plaintiffs charged that defendants were in charge or would take charge of the property and affairs of the hotel company, and thereby oust them from the possession and control which they claimed to have as the lawful officers and custodians thereof.
However, we find, on a more careful consideration of the matter, that all the plaintiffs charge is that defendants were attempting to hold a “pretended” election of directors and officers “to contend for the possession of the property of the said corporation and the control of its affairs,” and that its estate and business would be thereby dissipated.
Under these circumstances, we cannot assume that defendants are going to forcibly attempt to wrest from plaintiffs the possession and control of said company, and take it that all petitioners intended to allege was that defendants would file such legal proceedings as circumstances, in their judgment, might warrant for the purpose alleged. Parties have the right to file all such suits as they may see fit, consistent with the rules of the courts and procedure laid down in the law, and the courts are not called on to pass upon such issues until they are presented.
[2] Under these circumstances, no irreparable injury is shown, and plaintiffs are not entitled to an appeal from the interlocutory order complained of. C. P. art. 566.
For the reasons assigned, the rule nisi is recalled, and plaintiffs’ application dismissed, at their cost.